HARDY, Judge.
This is a compensation suit in which plaintiff seeks an award as for permanent, total disability, naming as defendants his employer, Martin Timber Company, a commercial partnership, and the individual members thereof. From a judgment in favor of defendants rejecting plaintiff’s demands he has appealed.
The only question tendered by this appeal is purely factual in nature and relates to the extent of plaintiff’s disability and the causal connection with his accidental injury.
On September 13, 1955, while engaged in the performance of his duties in cutting timber with the use of a power saw, plaintiff was struck by a falling tree and sustained serious injuries for which he was hospitalized. The most serious of plaintiff’s injuries was diagnosed as a ruptured spleen, and, immediate surgical intervention being indicated, a. spleenectomy was performed. Plaintiff remained in the hospital until October • 1, 1955, and, after an uneventful period of convalescence, he returned to work with the defendant company. During the latter part of January, 1956, at his own insistence, plaintiff resumed his occupation as a timber cutter and continued therein until on or about September 12, 1956, at which time he quit work, allegedly because of his total disability to continue the performance of this character of work.
Compensation payments at the maximum weekly rate were made by defendants cov *343 ering the period from September 13, 1955, to March 5, 1956, at which time they were discontinued.
Plaintiff’s petition alleged numerous injuries as the result of the accident of- September 19, 1955, consisting of a ruptured spleen, ruptured left kidney, umbilical and epigastric hernias, fibroma of the left forearm, fracture of the right and left transverse processes of the first lumbar vertebra ; forward displacement of the fifth lumbar vertebra, and osteo-arthritis of the spine.
Unquestionably, the injury to the spleen was a direct result of the accident, but we think it is conclusively established that the operative procedure in connection with the removal of this organ was entirely successful; that plaintiff completely recovered and suffered no disability, either partial or permanent, as the result thereof.
In support of his claimed disability, resulting from the other alleged injuries, plaintiff offered the depositions of two expert medical witnesses, Dr. Henry Gallagher, a general practitioner, and Dr. Ford J. Macpherson, an orthopedic surgeon, both of Shreveport. Dr. Gallagher made an examination of plaintiff on September 10, 1956. Upon the basis of x-rays made by Dr. Gallagher he testified that he found what appeared to be a fracture of the transverse processes of the first lumbar vertebra that could have happened as the result of plaintiff’s accident. This witness further testified that he found a slight spon-dilolisthesis, a forward displacement, of the fifth lumbar vertebra, and a moderate os-teo-arthritis of the spine, and upon the basis of these findings it was his opinion that plaintiff was disabled to perform the work of timber cutting.
The gist of Dr. Macpherson’s testimony, based upon an examination of August 28, 1957, was that he found asymmetrical defects in the joint processes of the lumbar spine, which, however, he testified were congenital; that he further found arthritic changes which were the result of wear and tear over the period of years caused from the malalignment of the joint processes. The witness testified that he could associate these defects with plaintiff’s accident only upon the basis of his history. The witness further observed that many of plaintiff’s manifestations were exaggerated and hysterical and his condition was difficult of evaluation.
Defendants offered the depositions of Dr. Gene D. Caldwell, an orthopedic surgeon, Dr. Abraham J. Nicholas, a radiologist, and Dr. Charles L. Black, the surgeon who performed the spleenectomy on plaintiff. Dr. Caldwell’s examination and study of x-rays made in connection therewith resulted in negative findings as to any bone or joint pathology and it was his conclusion that plaintiff’s symptoms were subjective and were definitely exaggerated. Dr. Nicholas testified, from an examination of x-ray films, that he found no fracture of any kind or degree and the only defects were due to congenital variations. Dr. Black testified as to the details of the operation he had performed and further with reference to the nature and effect of the umbilical and epigastric hernias. This witness did not find any support for disability, either as the result of the spleenectomy, which he had performed, or by reason of the existence of the umbilical and epigastric hernias. With reference to these latter defects, it was further the opinion of the witness that there was no connection between their manifestation and the accident.
Careful study of the testimony of the several medical experts convinces us that plaintiff has completely failed to support either his claims of disability or any causal connection between the accident and the physical affections of which he now complains. In view of this conclusion, we think it unnecessary to engage in any detailed discussion of the lay testimony, arid it suffices to observe that plaintiff’s contentions are not supported by the required preponderance of the testimony. A highly per *344 suasive factual circumstance in this connection was the establishment of the fact that plaintiff’s work, after his return to his job in the latter part of January, 1956, until he discontinued his employment in September of the same year, was marked by an absence of complaints and by an astonishing record of timber felled and cut. It would be difficult to attempt to reconcile plaintiff’s alleged injuries and disability with his excellent work record over a period of almost eight months.
Inasmuch as we find no support for a conclusion of error on the part of the trial judge on the purely factual issue which is here involved, it follows that the judgment appealed from should be, and, accordingly, it is affirmed at appellant’s cost.